UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

YONG YUAN WANG,

                Plaintiff,

            -against-

MANDARIN GLEN COVE, INC., *et al.*,

                Defendants.

-----------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
18 CV 03266 (DLI) (CLP)

**POLLAK**, United States Magistrate Judge:

      On June 4, 2018, plaintiff Yong Yuan Wang ("plaintiff") filed this action against

Mandarin Glen Cove, Inc. d/b/a Sweet Mandarin, Mandarin Sayville, Inc. d/b/a Sweet Mandarin,

Shing Ling Yeung, Shu Ping Lin, "Andy" Doe, and John Doe (collectively, "defendants"),

seeking unpaid wages and overtime wages pursuant to the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") § 650 et seq.

      The parties reached a settlement in this matter, the terms of which are set forth in a Rule

68 Offer of Judgment to Plaintiff, filed with the Court. (See Fed. R. Civ. P. Rule 68 Offer[1]).  On

July 31, 2019, plaintiff filed a letter motion requesting that the Court approve the Offer of

Judgment as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d

Cir. 2015), cert. denied, 136 S. Ct. 824 (2016).  On September 11, 2019, the Court held a fairness

hearing on plaintiff's motion.  For the reasons set forth in this Report and Recommendation, the

Court respectfully recommends approval of the parties' settlement as fair and reasonable.

---

[1] Citations to "Rule 68 Offer" refer to the Fed. R. Civ. P. Rule 68 Offer of Judgment to
Plaintiff, filed July 17, 2019, ECF No. 26, Attachment 1.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff alleges that he was employed as a sushi chef in defendants' restaurant, Sweet

Mandarin, from approximately August 15, 2016 to November 22, 2017. (Compl.[2] ¶¶ 7, 39).

Plaintiff claims that he regularly worked an average of 69.63 hours per week during that time

period. (Id. ¶ 41). Plaintiff claims that he was paid at a flat rate of $750 per week for this work,

and that this payment came in the form of a combination of cash and checks. (Id. ¶¶ 42, 44, 45).

Plaintiff further claims that he was not paid overtime pay for his time worked in excess of 40

hours per week. (Id. ¶¶ 46, 49). Plaintiff also claims that he was not given a regular statement

containing his weekly pay, employer's name, address, telephone number, employee's name, rate

of pay, deductions made, allowances claimed, gross or net wages. (Id. ¶ 48). Finally, plaintiff

claims that he was not compensated at a premium for shifts that lasted longer than ten hours, as

per his promised rate. (Id. ¶ 50).

The parties propose to settle the case for a total of $95,000.00. (Rule 68 Offer). Of that

amount, plaintiff is to receive $62,322.53 and plaintiff's counsel is to receive $31,161.27 in fees

and $1,516.20 in costs. (Pl.'s Mot.[3] at 3). For the reasons set forth below, the Court respectfully

recommends approval of the parties' settlement as fair and reasonable.


<u>DISCUSSION</u>

1. <u>Legal Standards</u>

In considering whether to approve an FLSA settlement, courts consider whether the

---

[2] Citations to "Compl." refer to plaintiff's Complaint, filed on June 4, 2018, ECF No. 1.

[3] Citations to "Pl.'s Mot." refer to plaintiffs' Corrected Joint Letter Motion Requesting Court Approval of Plaintiff's Acceptance of Offer of Judgment, filed September 10, 2019, ECF No. 30.

agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

2. Settlement Terms

The Court finds that the terms of the settlement are fair and reasonable. The agreement contains no confidentiality provision or non-disparagement provision. Although there is a general release of claims against plaintiff, the release of claims against defendants is limited to the wage and hour claims that were the subject of this action.

3.  Settlement Amount

The parties propose a total settlement amount of $95,000.00. (Pl.'s Mot. at 3). In reaching this settlement, plaintiff acknowledges that there were a number of issues that, depending on how they were resolved, could adversely affect his ability to recover. For example, there is a dispute as to the amount of alleged compensation and overtime pay that plaintiff did receive. (Pl.'s Mot. at 2). By plaintiff's calculation, total damages for all causes of action in this case amount to $102,456.98. However, defendants disagree with the methodology used by plaintiff in calculating compensatory and liquidated damages. (Pl.'s Mot. at 2). Given the difference between the Rule 68 offer of $95,000 and plaintiff's best-case scenario awarding him $102,456.98, a difference of approximately $7,500, and given the disputed issues, along with the risks inherent in litigation, the Court respectfully recommends that plaintiff's recovery under the settlement be found to be fair and reasonable.


4.  Attorneys' Fees and Costs

The Second Circuit has set forth six factors to determine whether attorneys' fees in FLSA settlements are reasonable:  "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

Courts employ the "lodestar" method in determining whether attorneys' fees are reasonable, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate.  See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551-52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned

4

Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002).  Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. Cowan v. Ernest Codelia, P.C., 2001 WL 30501 at *7; Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

Instead of using the lodestar method, courts may employ the "percentage of the fund" method.  See McDaniel v. Cty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).  With this method, courts in this Circuit have routinely found an award representing one third of the settlement amount to be reasonable.  Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases).

In FLSA cases, regardless of the method used, "'[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined.'"  Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. June 6, 2013).  Although courts in this Circuit have noted that there is "a greater range of reasonableness for approving attorney's fees" in individual FLSA actions than in collective actions, courts must still "carefully scrutinize" such settlements. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 336 (internal citations omitted).

With respect to plaintiff's counsel's request for fees, plaintiff's counsel requests $31,161.27 in attorneys' fees, which is one third of the settlement after costs are deducted.  (Pl.'s Mot. at 3).  Counsel also requests $1,516.20 in costs, which comprises $400 for the filing fee;

$750 for service of the summons and complaint upon six individuals, $300 for mediation, $1.00 for postage, and a total of $65.20 for travel related expenses.  (Ex. 3[4]).

Counsel's billing records indicate that attorney John Troy bills at a rate of $550 per hour, Aaron Schweitzer, Managing Associate, bills at a rate of $350 per hour, Maggie Huang, Certified Public Accountant, bills at a rate of $150 per hour, and Preethi Kilaru, Managing Clerk, bills at a rate of $150 per hour.  (Ex. 3).  At these rates, plaintiff's counsel calculates total billables to be $50,968.50.  (Id.)  Plaintiff's counsel's requested fee award of $31,161.27 represents one third of the settlement.  Based on the lodestar crosscheck, counsel is requesting an award that is significantly less than the amount of his firm's hourly fees.  Therefore, upon review of the parties' submission and consideration of the Goldberger factors set forth above, the Court finds the requested fee to be reasonable, and respectfully recommends that it be approved.


CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court respectfully recommends that the District Court find that the settlement reached is a fair and reasonable compromise of plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel, sufficient to gain an understanding of the risks and benefits of proceeding with the litigation.  Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements).

---

[4] Citations to "Ex. 3" refer to plaintiffs' Exhibit 03 Attorney Invoice – attached to plaintiffs' Joint Fairness Letter Motion for Approval of Plaintiff's Acceptance of Offer of Judgment, filed July 31, 2019, ECF No. 28.

The Court further respectfully recommends that plaintiff's counsel be awarded $32,677.47, representing attorneys' fees and costs.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
September 27, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York